## NORTON *v.* WILLIAMS.

1. DRAINS—ASSESSMENTS—PUBLIC IMPROVEMENTS.

   · Act No. 254, Pub. Acts 1897, amended by Act No. 185, Pub. Acts 1911, provides for a petition by five freeholders of any county in which a drain is to be laid out, showing the necessity for it, etc., and provides upon receipt of the petition for the drain commissioner's ·giving notice to the other county commissioners wherein the drain may be situated and that all shall meet and take measures such as are provided by the statute and proceed as required by chapter 8. It is enacted in section 2, chap. 7, that the said commissioners shall meet and perform all duties that county drain commissioners are charged with in establishing distinct drains. In chap. 3, and the later amendment thereto (Act No. 185, Pub. Acts 1911), the drain commissioners are directed to notify the several township clerks in whose territory the drain may be located of the filing of a petition, and to designate a place for the meeting of township boards which the clerks are to call; to make a survey, etc. *Held*, that failure to notify and call meetings of the township boards was not fatal to a proceeding to establish a drain in more than one county: that there was no official action necessary for such boards to take and the acts of the commissioners were regular without having the several boards pass on the necessity for the improvement.

2. SAME—NECESSITY—EMINENT DOMAIN.

> The question of the necessity and benefit of a drain which lies in more than one county is for the several commissioners. No action of the township boards is required.

3. SAME—FRAUD.

> No fraudulent conduct on the part of the county drain commissioners could be inferred from the fact that they determined to establish a separate drain not including one in existence, which was not an essential part of the larger improvement.

4. SAME—CERTIORARI—JURY—TRIAL—APPEAL AND ERROR.

> Upon certiorari to determine the validity of certain drain proceedings, it was essential to present competent evidence of the alleged facts that one of the jurors had been paid, in the probate proceedings, to convey the other jurors to the drain in question; mere allegations in the petition, unsupported, were not sufficient.

Error to Calhoun; North, J. Submitted October 6, 1915. (Docket No. 15.) Decided December 21, 1915.

Petition by Charles F. Norton and wife for writ of certiorari against L. Chester Williams, drainage commissioner for Calhoun county, to review certain drain proceedings in probate court. Judgment for respondent. Petitioners bring error. Affirmed.

*J. M. Hatch & Son,* for relators.

*Stewart & Jacobs,* for defendants.

KUHN, J. This is an appeal from the decision of the circuit court dismissing the writ of certiorari issued to review the action of the county drain commissioner of Calhoun county in the improvement of a drain known as the "Big Marsh Drain." It was urged in the court below, and is now urged, that:

(1) All proceedings to lay out a drain where the drain traverses more than one county are governed by section 2 of chapter 3 of the drain law, as amended by

Act No. 185, Pub. Acts 1911, which requires the action of the township board or boards before the commissioners proceed to lay out said drain.

(2) There was fraud on the part of the drain commissioner in laying out the drain in question, because the Big Marsh Drain and the Joslyn Drain constitute only one drainage system, and by separating them into two a fraud has been perpetrated on the relators.

(3) There was fraud in laying out the drain because, it is alleged, one of the jurors was employed by the drain commissioner to transport some of the jurors to view the drain.

The proceedings had and the orders made were based upon an application for "extending, straightening, deepening, and widening the Big Marsh Drain" from a point in the township of Charleston, Kalamazoo county, easterly "in the old ditch" in the township of Battle Creek, Calhoun county, to the point where it empties into the Fuller Drain.

These proceedings are governed by chapter 7 of Act No. 254, Pub. Acts 1897, section 4371, 2 Comp. Laws (2 How. Stat. [2d Ed.] § 3428), as amended by Act No. 185, Pub. Acts 1911, which chapter covers drains traversing more than one county. Section 8 of this chapter, covering improvements like the one in the instant case, provides that any five freeholders of any county, one or more of whom shall own land which at the time of the drain's construction was assessed therefor, may apply to the drain commissioner of either county, showing the necessity for the improvement. If upon examination the commissioner shall deem it necessary, etc., he shall notify the county drain commissioners of the other counties traversed, furnishing a copy of the application; and they shall "meet and jointly take such measures as are provided in this chapter relative to drains traversing more than one county, and act in like manner as provided in chapter 8 of this act in the manner '(matter) of establishing (established) drains."

(Chapter 8 has to do, not with "establishing" drains, but with "established" drains, and this is doubtless a typographical error.)

Section 2 of chapter 7 provides that:

"Such county drain   *   *   *   commissioners shall, at the time and place fixed as above, meet with the county drain commissioner having the original application, and they shall thereupon and thereafter jointly take all steps, and perform all acts, and sign all papers, as county drain commissioners are required to do singly in the case of other drains, including the application to the probate court."

The steps to be taken and the acts to be performed singly in the case of other drains are set forth in chapter 3, as amended in Act No. 185, Pub. Acts 1911. Section 2, amended in Act No. 118, Pub. Acts 1909, and Act No. 185, Pub. Acts 1911, makes the following requirements of the county drain commissioners:

(1) To notify township clerks of the filing of the petition.

(2) To designate a place for the meeting of the township boards which the clerks are to call.

(3) After the favorable order of the boards is filed, to make a survey to determine the practicability of the drain.

(4) This determined, to make first order of determination.

(5) If the township board or boards should fail to agree, where there are two or more townships interested within the same county, the county drain commissioner shall determine the necessity of the drain.

Section 3 sets forth the steps which shall follow the first order of determination.

It is clearly apparent from the return of the county drain commissioner of Calhoun county that he and the county drain commissioner of Kalamazoo county determined the necessity of the improvement and made the first order of determination without having first referred the question to the township boards.

In carrying out the provisions of section 2, chap. 7, the commissioner might notify the clerks and designate a place for the meeting; but, as there is no provision in this chapter as to any function or duty to be performed by the clerks, the commissioner would thus be doing a useless thing in notifying them, which the law does not require. If it had been the intention of the legislature that the township boards should be required to meet as provided for in chapter 3, it could have clearly provided in chapter 7 that the *same procedure* should be followed as in the case of other drains.

Section 2 in chapter 7 also provides:

"That should the said county drain commissioners be unable to agree as to the necessity, location or benefit of such drain, or any * * * matter relative thereto they, or either of them, may appeal to the State highway commissioner."

This, in our opinion, would seem to indicate that the question of the necessity and benefit, as well as the location of a drain traversing more than one county, was left by the statute to the county commissioners. By section 2 of chapter 3, all the township boards are called upon to determine is "the necessity of said drain, and whether the same is necessary and conducive to public health, convenience, and welfare." It being clear that this, the only matter left for their consideration, is, impliedly at least, left with the commissioners by section 2 of chapter 7, it would follow that it was the intention of the legislature that in the matter of drains traversing more than one county there was nothing for the township boards to do.

We are therefore of the opinion that the circuit judge was correct in holding that the proceedings of the commissioners was regular without the township boards having passed upon the necessity of the drain.

With reference to the second ground urged, the learned trial judge found that:

"The holding must be against the contention of the relators, because it seems quite conclusive that the so-called Joslyn Drain is not in any way a necessary part of this Big Marsh Drain. At the hearing it was conceded by counsel for the relators that, if the proceedings as to the Big Marsh Drain can be prosecuted independent of the Joslyn Drain, then the number of signers on the petition in this case is sufficient."

We agree with the trial judge that this disposes of the second ground urged.

There is also no merit in the last ground assigned, in that there is no competent evidence in the record before us to support the assertion that any irregularity was committed in employing one of the jurors in the probate court proceedings to transport a part of the jury to the drain in question. All there is before us with reference to this is an allegation in the petition on information and belief, and no proofs are had in support thereof.

The order of the court below in dismissing the writ of certiorari is affirmed.

BROOKE, C. J., and PERSON, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.